# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 236 | **DATE** | 12/16/2002 |
| **CASE TITLE** | Brown vs. Village of Evergreen Park, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to dismiss is granted in part and denied in part [#16]. The official capacity claims against the officers in Counts I and III are dismissed, as is the Count III § 1981 claim against Evergreen Park. All other Counts remain. The clerk is also directed to change Brown's name to Michael in the caption. Defendants are directed to answer the remaining portions of the Amended Complaint by January 10, 2003. A scheduling conference is set for February 10, 2003 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 2 number of notices | Document Number |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | DEC 18 20[ | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 12/16/2002 date mailed notice | |
| MD | courtroom deputy's initials | | MD mailing deputy initials |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BROWN, #2001-0088368 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 02 C 0236 |
| | ) | Judge Joan H. Lefkow |
| VILLAGE OF EVERGREEN PARK, | ) | |
| OFFICER JOSEPH CERRANTANO, Star | ) | |
| #456, individually and in his official capacity | ) | |
| in the Evergreen Park Police Department, | ) | |
| OFFICER JAMES DUFFEY, Star # 151, | ) | |
| individually and in his official capacity in the | ) | **DOCKETED** |
| Evergreen Park Police Department, OFFICER | ) | **DEC 1 8 2002** |
| THOMAS OSTROWSKI, Star # 137, | ) | |
| individually and in his official capacity in the | ) | |
| Evergreen Park Police Department, and | ) | |
| OFFICER RACHEL UNDERWOOD, Star | ) | |
| #154, individually and in her official capacity | ) | |
| in the Evergreen Park Police Department, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

In this action brought by plaintiff, Michael Brown ("Brown"),[1] alleging in Count I, pursuant to 42 U.S.C. § 1983, excessive force in violation of the Fourth, Fifth and Fourteenth Amendments, in Count II state law claims for false arrest and false imprisonment, and in Count III violations of 42 U.S.C. § 1981, defendants, Village of Evergreen Park ("Evergreen Park"), Officer Joseph Cerrantano ("Cerrantano"), Officer James Duffey ("Duffey"), Officer Thomas Ostrowski ("Ostrowski") and Officer Rachael Underwood ("Underwood"), have moved under

---

[1] Brown, in his original complaint and petition to proceed informa pauperis, referred to himself as David instead of Michael. Insofar as the Verified Amended Complaint refers to Michael Brown, the court will use Michael instead of David as plaintiff's first name.

Rule 12(b)(6), Fed. R. Civ. P., to dismiss Brown's Verified Amended Complaint. The court has jurisdiction over the claims pursuant to 28 U.S.C. §§ 1331, 1343(a) and 1367. For the reasons set forth below, the court grants in part and denies in part defendants' motion.

## MOTION TO DISMISS STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no facts in support of its claim that would entitle it to relief. *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957); *Kennedy* v. *Nat'l Juvenile Det. Assoc.*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on the motion, the court accepts as true all well-pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002); *Jackson* v. *E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999).

## ALLEGATIONS OF THE COMPLAINT

According to Brown's Amended Complaint, taken as true for purposes of this motion, on or about February 20, 2001, at approximately 11:00 p.m., Brown was walking in the vicinity of 95th Street and Western Avenue in Evergreen Park on his way to his home located at 9815 Carpenter Street in Chicago, when an Evergreen Park police car pulled beside him. (Am. Compl. ¶ 10.) Ostrowski, the driver of the police car, asked Brown where he was going. (Am. Compl. ¶ 11.) When Brown responded that he was going home, Ostrowski remarked that "You should've been home, nigger." (*Id.*)

At this point, another Evergreen Park police car containing Duffey and Underwood arrived at the scene. (Am. Compl. ¶ 12.) Ostrowski, Duffey and Underwood exited their police cars and requested that Brown produce identification. (Am. Compl. ¶ 13.) When Brown said that he did not have any identification, Ostrowski and Duffey pushed Brown against one of the police cars, jammed Brown's head up against the hood of the car, and tightly handcuffed Brown behind his back. (*Id.*) At no point during this scenario did Brown resist arrest. (*Id.*) One officer continued to use racial slurs toward Brown while he was being handcuffed, and at no time did any of the officers tell Brown why he was being arrested. (*Id.*)

Brown told the officers that the handcuffs were put on too tightly and were causing him extreme pain in his left wrist, and asked that the officers loosen the handcuffs. (Am. Compl. ¶ 14.) The officers refused and placed Brown in the back seat of a police car for transport to the Evergreen Park Police Station. (Am. Compl. ¶ 15.) During the car ride to the police station, Brown repeatedly told the officers that his handcuffs were too tight, causing his wrist to hurt. (*Id.*) The officers ignored Brown, and continued to make racial slurs during the course of the ride. (*Id.*)

Upon arrival at the Evergreen Park police station, the officers did not remove Brown's handcuffs despite Brown's complaints concerning his hand and wrist. (Am. Compl. ¶ 16.) Brown was turned over to Cerrantano to be photographed and "processed." (Am. Compl. ¶ 17.) Cerrantano checked the computer and claimed that there was a warrant outstanding for Brown's arrest in Rockford, Illinois, located in Winnebago County, Illinois. (*Id.*) Brown alleges, on information and belief, that the photograph of the person wanted on the warrant appeared on the computer and did not resemble Brown. (*Id.*) Brown advised Cerrantano that the warrant could

3

not be for him because he had never been to Rockford. Nevertheless, neither Cerrantano nor any other Evergreen Park police officers performed any other verification to make sure that Brown was in fact the person sought in the warrant. (*Id.*)

Brown was charged with possession of drug paraphernalia based on a pipe Ostrowski allegedly found in the back seat of his police car. (Am. Comp. 19.) Brown protested that the pipe and other paraphernalia allegedly found during Brown's property inventory were not his. (*Id.*) These claims were later dismissed. (*Id.*)

The next day, Brown was transported to Cook County Jail to await pick-up by the Winnebago County Sheriff's Department. (Am. Compl. ¶ 20.) Brown alleges that neither Cerrantano nor any other Evergreen Park officer notified the Winnebago County Sheriff's Department that Brown was waiting to be picked up. (*Id.*) As a result, Brown remained imprisoned in the Cook County Jail for approximately 30 days before being picked up by the Winnebago County Sheriff's Department. (*Id.*)

While at Cook County Jail, Brown sought medical treatment for his left hand, in which he had lost feeling. (Am. Compl. ¶ 21.) The doctor who treated Brown diagnosed him with nerve damage in his left hand. (*Id.*) Brown claims that to this day he still has numbness in his left pinky and ring finger, and he has difficulty picking up objects with his left hand. (*Id.*) Brown contends that prior to being handcuffed by Ostrowski and Duffey, he never experienced pain or numbness in his left hand. (*Id.*)

Detective Garrett of the Winnebago County Sheriff's Department picked Brown up at the Cook County Jail on March 21, 2001 and drove him to the Winnebago County Jail. (Am. Compl. ¶ 22.) Brown was fingerprinted and processed, and when Brown's fingerprints were

4

compared with the fingerprints of the person wanted on the warrant, named Lawrence Brown, it was determined that Brown was not the person. (Am. Compl. ¶ 23.) Brown was then quickly released from custody. (Am. Compl. ¶ 24.)

## DISCUSSION

In Count I, pursuant to 42 U.S.C. § 1983, Brown alleges that Duffey, Ostrowski and Underwood used excessive force in violation of the Fourth, Fifth and Fourteenth Amendments. In Count II, Brown alleges state law false arrest and false imprisonment claims against Cerrantano, Duffey, Ostrowski and Underwood. In Count III, Brown alleges violations of 42 U.S.C. § 1981 against all the defendants. Defendants argue that all claims against the officers in their official capacity should be dismissed, that the level of force the officers' allegedly used does not give rise to a constitutional violation, that Brown has failed to state a claim against Evergreen Park under §§ 1981 and 1983, and that defendants are entitled to qualified immunity under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101 *et seq.*, ("Illinois Tort Immunity Act"). These arguments will be addressed individually in turn.

### A. Claims Against the Officers in the Official Capacity

Defendants argue that the claims against the officers in their official capacity should be dismissed because these claims are repetitive. Defendants correctly state that a suit against a public official in their "official capacity" is a suit against the entity of which that official is an agent. *Richman v. Sheahan*, 270 F.3d 430, 439 (7th Cir. 2001). Thus, any claim in which the officers are sued in their official capacity is actually a suit against Evergreen Park.

As is clear from Brown's Amended Complaint, the officers are sued both in their individual and official capacities. Thus, to the extent that the officers are sued in their official capacity and Evergreen Park is also sued, the official capacity claims should be dismissed as repetitive. The only section of the Amended Complaint where this takes place is Count III, where both the officers and Evergreen Park are sued. As such, the Count III official capacity claims against the officers will be dismissed. This does not, however, in any way affect the Count III claims brought against the officers in their individual capacities, which are against the officers themselves and not against Evergreen Park.

As for Count I, brought against Duffey, Ostrowski and Underwood, these claims are not repetitive because Count I is not brought against Evergreen Park. Nevertheless, the official capacity claims in Count I will be dismissed because no allegation is made of a policy, custom or usage, or final policymaker that took the action necessary to hold Evergreen Park liable under § 1983. *See, e.g., Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 734-35 (7th Cir. 1994). Thus, to the extent that Count I claims are brought against Duffey, Ostrowski and Underwood in their official capacity, they are dismissed. Once again, this in no way affects the claims in Count I brought against these officers in their individual capacities.

Finally, with respect to Count II, brought against Cerrantano, Duffey, Ostrowski and Underwood, any official capacity claims are not repetitive because Evergreen Park is not sued in Count II. Moreover, under the Illinois Tort Immunity Act, a local governmental entity is immunized from liability for an injury resulting from an employee's act or omission when the employee is not liable. 745 ILCS 10/2-109. Since the officers in this case may be liable,

discussed more fully *infra*, Evergreen Park may also be held liable. As such, the official capacity claims under Count II are not dismissed.

## B. Level of Force Used

Defendants next argue that the force the officers allegedly used does not rise to the level of any constitutional violation and, therefore, the excessive force claims should be dismissed. Defendants contend that, even taking as true the facts pled in the Amended Complaint, the actions of the officers in this case were "objectively reasonably" in light of the facts and circumstances confronting them. *Graham v. Connor*, 490 U.S. 386, 397 (1989).

The court concludes that Brown has alleged sufficient facts to show that the officers actions were not "objectively reasonable." Brown alleges that he was stopped for no good reason, that he was pushed against a police car, his head jammed against the hood of the car, and that because he was so tightly handcuffed he suffered nerve damage, all at a time when Brown was completely submissive and non-resistant. The court believes it clear that Brown has sufficiently pled facts, if proven to be true, that show that the officers' actions were not objectively reasonable. As such, defendants' motion to dismiss on this ground is denied.

## C. Claims Against Evergreen Park Under 42 U.S.C. § 1981

Defendants next argue that Brown's Amended Complaint fails to state a claim against Evergreen Park. The court only addresses the Count III § 1981 claim against Evergreen Park, as that is the only Count in which Evergreen Park is expressly sued, and because the court addressed Evergreen Park's liability in Counts I and II above when discussing the suits against the officers in their official capacity.

7

With respect to the § 1981 claim against Evergreen Park, the claim is dismissed because Brown explicitly states in his Amended Complaint that he is proceeding against Evergreen Park on a theory of *respondeat superior*. A § 1981 claim against a municipality may not be based on *respondeat superior*. E.g., *Smith v. Chicago Sch. Reform Bd. of Trs.*, 165 F.3d 1142, 1148 (7th Cir. 1999) ("recovery against a governmental body under § 1981 may not be based on *respondeat superior*. The plaintiff must show that the body's official policy or custom was discriminatory."). Therefore, the Count III § 1981 claim against Evergreen Park is dismissed.[2]

## D. Illinois Tort Immunity Act

Finally, defendants argue that Count II of the Amended Complaint should be dismissed because the officers are entitled to immunity under the Illinois Tort Immunity Act. Specifically, defendants point to § 2-201 of the Act, which provides:

> Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused.

For this section of the Act to apply, however, the Illinois Supreme Court requires that conduct "be both an exercise of discretion and a policy determination . . . ." *Zinnermon v. City of Chicago Dep't of Police*, 209 F. Supp. 2d 908, 911 (N.D. Ill. 2002), citing *Harinek v. 161 N. Clark St. Ltd. P'ship*, 181 Ill. 2d 335, 341, 692 N.E. 2d 1177, 1181 (1998). Based on the allegations in the Amended Complaint, although the officers were arguably exercising discretion

---

[2] Defendants ask this court to dismiss all of Count III, but only present argument as to why Count III does not state a claim against Evergreen Park. Thus, the court only dismisses Count III with respect to Evergreen Park, and the § 1981 claims against the officers will remain.

8

in their actions, certainly they were not formulating policy. As such, § 2-201 of the Act does not apply. Defendants motion to dismiss on this ground is denied.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss is granted in part and denied in part [#16]. The official capacity claims against the officers in Counts I and III are dismissed, as is the Count III § 1981 claim against Evergreen Park. All other Counts remain. The clerk is also directed to change Brown's name to Michael in the caption. Defendants are directed to answer the remaining portions of the Amended Complaint by January 10, 2003. A scheduling conference is set for February 10, 2003 at 9:30 a.m.

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: December 16, 2002